IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: PRE-FILLED PROPANE TANK MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS PLEADING RELATES TO:<br>ALL CASES | MDL Docket No. 2086<br><br>Master Case No. 09-2086-MD-W-GAF |

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## APPROVAL OF ATTORNEYS' FEES, SERVICE AWARDS,
## AND REIMBURSEMENT OF EXPENSES

On October 1, 2010, the Court held a hearing to consider Plaintiffs' Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Expenses. Pursuant to the terms of the settlement, Defendants AmeriGas Propane, Inc., AmeriGas Partners, L.P., and AmeriGas Propane, L.P. ("AmeriGas"), have agreed to pay an award of attorneys' fees and reimbursement of expenses up to $2,200,000.

After review of the Motion (Doc. 143), the briefs in support and exhibits thereto (Docs. 144, 153), and considering the argument at the hearing, as well as review, *in camera*, of time and expense records of Class Counsel, the Court hereby GRANTS Plaintiffs' Motion for the following reasons:

1. "The Eighth Circuit has identified four factors in setting a reasonable fee using the lodestar method: (1) the number of hours spent by counsel; (2) counsel's 'reasonable hourly rate'; (3) the contingent nature of success; and (4) the quality of the attorneys' work." *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158-59 (D. Minn. 2009) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)).

2.  After review of these factors, the Court finds and concludes that Settlement Class Counsel's[1] request for $2,200,000 in attorneys' fees and reimbursement of expenses is fair and reasonable.

3.  The fee award sought by Plaintiffs was separately negotiated by experienced counsel only after an agreement on behalf of the Settlement Class was reached. The award of attorneys' fees will be paid separately by AmeriGas and will not reduce the funds available to the class under the settlement.

4.  Settlement Class Counsel alone have reported spending approximately 3,138 hours on this litigation against AmeriGas, and a total lodestar of $1,553,325 (a blended hourly rate of $495). This does not include additional time that Settlement Class Counsel report they have spent since their initial submission including the reply briefing in support of the settlement and preparing for the Fairness Hearing. This lodestar calculation also does not include time Settlement Class Counsel will need to commit to settlement administration. The Court finds that Settlement Class Counsel's hours and fees are reasonable. This finding is consistent with this Court's recent Order approving a request for fees and expenses in *In re H&R Block, Inc., Express IRA Marketing Litig.*, No. 4:06-md-01786 (Doc. 232) (W.D. Mo. May 17, 2010).

5.  Settlement Class Counsel additionally incurred approximately $65,407.85 in un-reimbursed expenses related to this matter.[2]

---

[1] The Settlement Class Counsel previously appointed by this Court are Stueve Siegel Hanson LLP, Hagens Berman Sobol Shapiro LLP, Girard Gibbs LLP, and Kaplan Fox & Kilsheimer LLP.

[2] In addition to the time and expense incurred by Settlement Class Counsel, additional counsel for Plaintiffs have reported expending approximately 1,560 hours on this matter, resulting in a total loadstar for all counsel of approximately $2,230,000. Additional counsel for Plaintiffs have reported expenses in excess of $18,356.25. While the Court concludes that Settlement Class Counsel's work is, standing alone, sufficient to support the Court's grant of the pending motion, this additional time from other Plaintiffs' counsel further supports and reinforces the Court's ruling that Plaintiffs' request for attorneys' fees is reasonable.

6. Settlement Class Counsel's lodestar, combined with the reimbursement for Settlement Class Counsel's expenses and the additional hours and expenses Settlement Class Counsel anticipate spending on completing the settlement administration going forward, justifies Settlement Class Counsel's request for $2,200,000 in fees and reimbursement of expenses.

7. Moreover, the Court also finds that Settlement Class Counsel provided excellent representation in this litigation. Settlement Class Counsel's efforts resulted in a favorable result relatively early in the case, which benefits the Class while preserving judicial resources. Settlement Class Counsel faced considerable risk in pursuing this litigation on a contingent basis, and obtained a favorable result for the class at that front end of the litigation given the legal and factual complexities and challenges presented.

8. In light of the results obtained for the class and the substantial amount of time expended and expenses incurred, the $2,200,000 request is fair and reasonable. *See, e.g., Nelson v. Wal-Mart Stores, Inc.*, No. 2:04CV0000171 WRW, 2009 WL 2486888, at *2 (E.D. Ark. Aug. 12, 2009) (citing cases within the Eighth Circuit approving lodestar multipliers of up to 5.6); *Cohn v. Nelson*, 375 F. Supp. 2d 844, 861 (E.D. Mo. 2005) (approving a requested 2.9 multiplier and stating that "courts typically apply a multiplier of 3 to 5 to compensate counsel for the risk of contingent representation."); *see also In re H&R Block, Inc., Express IRA Marketing Litig.*, No. 4:06-md-01786 (Doc. 232) (W.D. Mo. May 17, 2010).

9. As to the objections received that voice opposition to the requested fees, the Court has reviewed and heard the objections to Plaintiffs' request for attorneys' fees, and they are hereby overruled.

10. The Court hereby awards Settlement Class Counsel $2,200,000 in attorneys' fees, which includes reimbursement for all expenses incurred. The Court also orders that Settlement Class Counsel shall allocate the $2,200,000 award of attorneys' fees among themselves according to their

own agreement, and among other additional counsel for Plaintiffs in Settlement Class Counsel's discretion.

11. The Court has also considered Settlement Class Counsel's request for service awards for the Named Plaintiffs who are participating in the settlement. The Court finds that the effort the Named Plaintiffs devoted to this matter contributed to the overall result and benefited the class, and that the Named Plaintiffs are thus deserving of modest service awards.

12. The Court finds that Settlement Class Counsel's request for modest service awards of $250 each is reasonable. *See In re US Bancorp Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002) (approving incentive awards of $2,000 to five representative plaintiffs whose efforts in the litigation resulted in a class fund of approximately $3.5 million); *In re Aquila ERISA Litig.*, No. 04-00865-CV-DW, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards between $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and all Plan Participants. Without this participation, there would have been no case and no settlement.").

13. The Court hereby approves incentives awards of $250 to each of the following Named Plaintiffs: Dennis Carroll, Bart Fraenkel, Jack Fuller, Gary Kashefska, Pat Mallaney, Bruce McIntyre, Christopher Nelson, Don Parker, Mark Shawl, Victoria Shawl, Serge Traylor, and Joseph VanDyke.

14. AmeriGas is hereby ORDERED to pay Settlement Class Counsel in accordance with and subject to the terms of the Settlement Agreement. Moreover, AmeriGas is hereby ORDERED to pay service awards to the above-listed Named Plaintiffs in accordance with and subject to the terms of the Settlement Agreement.

15. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over the now-settled claims against AmeriGas in this MDL Proceeding to consider all further matters arising out of or in connection with: (a) the enforcement of this Order; (b) the enforcement of the

Settlement Agreement; and (c) the distribution of the settlement funds. *See Kokkohnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement; otherwise, a district court does not have continuing jurisdiction over such agreements).

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: October 20, 2010