**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

|   |   |
|---|---|
| IN RE: PRE-FILLED PROPANE TANK MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL Docket No. 2086<br>Master Case No. 09-00465 |

**AMENDED ORDER PRELIMINARILY APPROVING
CLASS SETTLEMENT AND PROVIDING FOR NOTICE**

Presently before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement. (Doc. # 249). The Plaintiffs in this litigation and Defendants Ferrellgas, Inc., Ferrellgas, L.P., and Ferrellgas Partners, L.P. (collectively "Ferrellgas") have agreed to a Settlement of this case, covering all persons who purchased or exchanged one (1) or more of Ferrellgas's 20-pound pre-filled propane gas cylinders in the United States, not for resale, between June 15, 2005, and the date of this Order. For the reasons set forth below, Plaintiffs' motion is GRANTED.

Class Counsel,[1] on behalf of the Plaintiffs, and Ferrellgas have entered into a Settlement of the claims asserted in this litigation, the terms of which are set forth in the Settlement Agreement. The Settlement Agreement is subject to review under Federal Rule of Civil Procedure 23. The Settlement Agreement, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the litigation on the merits and with prejudice.

Having read and considered the Settlement Agreement, the proposed Notice of Pendency of Class Action and Proposed Settlement, and the proposed form of the Proof of Claim and Release,

---

[1] All defined terms used herein have the same meanings set forth for such terms in the Settlement Agreement. 5

and submissions made relating to the Settlement Agreement, and finding that substantial and sufficient grounds exist for entering this Order, it is hereby

**ORDERED** that:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, this action is preliminarily certified as a class action on behalf of all people who purchased or exchanged (1) or more of Ferrellgas's pre-filled propane gas cylinders in the United States, not for resale, between June 15, 2005, and the date of Preliminary Approval. Excluded from the Settlement Class are: Ferrellgas, Ferrellgas's affiliates, subsidiaries, and parent and each of their respective directors, officers, and employees; legal representatives, successors, and assigns; any other entity in which Ferrellgas has a controlling interest; persons who purchased for purposes of resale; any Judge to whom the Action is assigned and all members of his/her immediate family; and all Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice disseminated in accordance with this Preliminary Approval Order.

2. The Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members of those Settlement Class is impracticable; (b) there are questions of law and fact common to each member of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Plaintiffs Daniel Bradley, Gina Calarco, Dennis Carroll, Michael D'Aloia, Suzanna De Night, David Desaire, J. Allen Downs, Bart Fraenkel, Jack Fuller, Ed Jaeggi, Jacob Knopke, Tom Miller, Gina Penissi, Carson Ross, Daniel Scholtec, Mark Shawl, Victoria Shawl, Randy Shillingburg, Jeff Walker, Roy Wilder, and Larry Young, are certified as the Class Representatives on behalf of the Settlement Class, and Elizabeth J. Fegan of Hagens Berman Sobol Shapiro LLP, Eric Gibbs of Girard Gibbs LLP, Laurence King of Kaplan Fox and Kilsheimer LLP, and Norman Siegel of Stueve Siegel Hanson LLP are hereby appointed as Settlement Class Counsel.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on February 24, 2012, at 9 a.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether an Order and Final Judgment as provided under the Settlement Agreement should be entered, dismissing the litigation, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons, as set forth in the Settlement Agreement, should be ordered;

(d) to consider the application of Class Counsel for an award of attorneys' fees and expenses; and

(e) to rule upon such other matters as the Court may deem appropriate.

5. At the Fairness Hearing, the Court reserves the right to approve the Settlement with or without modification or to disapprove it. This is only a preliminary determination.

6. The Court approves the form, substance, and requirements of (a) the Class Notice, including the Summary Notice and Long Form Notice attached as Exhibits B and C, respectively, to the Settlement Agreement, and (b) the Claim Form, attached as Exhibit A to the Settlement Agreement.

7. The Court appoints The Garden City Group, Inc. as the Claims Administrator to fulfill those duties as outlined in the Settlement Agreement.

8. Settlement Class Counsel have the authority to enter into the Settlement Agreement on behalf of the Settlement Class and are authorized to act on behalf of the members of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement.

9. The Court approves the method of notice set forth in the Declaration of Jeanne C. Finegan (the "Notice Plan") submitted with Plaintiffs' motion, and directs that the Claims Administrator shall issue notice and otherwise carry out the Notice Plan, with assistance by the parties.

10. The form and method set forth in the Notice Plan of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Settlement Class member be relieved from the terms of the Settlement,

including the releases provided for therein, based upon the contention or proof that such Settlement Class member failed to receive actual or adequate notice.

11. Not later than ten (10) days before the Settlement Fairness Hearing, the Claims Administrator will provide Ferrellgas, Settlement Class Counsel, and Defense Counsel with an affidavit or declaration by a competent affiant or declarant, attesting that the Notices have been disseminated and published in accordance with the Notice Plan.

12. In order to be entitled to participate in the Settlement Fund, as defined in the Settlement Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class member shall take the following action and be subject to the following conditions:

(a) a properly executed Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit A must be mailed by email to the email address in the Notices so that it is received no later than 225 days from the date of the entry of this Order or to the Post Office Box indicated in the Notices postmarked not later than 225 days from the date of the entry of this Order. Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when received (by email) or when postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is actually received prior to the filing of a motion for an Order of the Court approving distribution of the Settlement Fund.

(b) the Claim Form submitted by each Settlement Class member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation including valid proof of purchase, if applicable; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his

current authority to act on behalf of the Settlement Class member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)    the Claims Administrator will administer the Notice and Claims Administration functions set out in the Settlement Agreement in accordance with the terms set forth therein.

        (d)    as part of the Proof of Claim, each Settlement Class member shall submit to the jurisdiction of the Court with respect to the claim submitted.

13.    Settlement Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than 90 days from the date of the entry of this Order to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion that the sender specifically requests to be excluded from the Settlement Class (as defined in the Settlement Stipulation) and must be signed by such person. It is also requested that such persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14. Settlement Class members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Stipulation and Notice.

15. The Court will consider comments and/or objections to the Settlement, only if such comments or objections and any supporting papers are served within fifteen (15) days after Settlement Class Counsel files a motion for final approval of the Settlement ("Objection Date"), upon each of the following:

>  Elizabeth A. Fegan, Esq.
>  **HAGENS BERMAN SOBOL SHAPIRO LLP**
>  1144 W. Lake Street, Suite 400
>  Oak Park, IL  60301
>  Telephone:  (708) 628-4949
>  Facsimile:   (708) 628-4950
>
>  *Settlement Class Counsel*
>
>  Peter W. Herzog III, Esq.
>  **BRYAN CAVE LLP**
>  211 N. Broadway, Suite 3600
>  St. Louis, MO  63102
>  Telephone:  (314) 259-2000
>  Facsimile:   (314) 259-2020
>
>  *Counsel for Ferrellgas Defendants*

and the objector has filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing.  If the Settlement Class member intends to appear at the Fairness Hearing through counsel, the written objection and notice to appear must also state the identity of all attorneys representing the Settlement Class member who

will appear at the Fairness Hearing. Persons who intend to object to the Settlement and desire to present evidence at the Fairness Hearing must do so on or before the Objection Date. In order to object, the Settlement Class member must include in the objection submitted to the Court and served on Settlement Class Counsel and Defense Counsel: (a) the name, address, telephone number of the Person objecting, and, if represented by counsel, of his/her counsel; and (b) proof of purchase, exchange, or acquisition of a Ferrellgas 20-pound propane cylinder. An objecting Settlement Class member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Fairness Hearing, either with or without counsel.

16. The filing of an objection allows Settlement Class Counsel or counsel for Ferrellgas to notice such objecting person for and take his/her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting settlement class member to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Settlement Class member's objection and otherwise denying that Settlement Class member the opportunity to make an objection or be further heard.

17. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any class member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class members.

18. Any Settlement Class member who fails to file and serve timely a written objection and notice of his/her intent to appear at the Fairness Hearing pursuant to this Paragraph, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Fairness

Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means. Any Settlement Class member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement and the Order and Final Judgment to be entered approving the Settlement.

19. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than an announcement at the Fairness Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Class.

20. All papers in support of the Settlement and any application for attorneys' fees or expenses shall be filed on or before 75 days after entry of this Order. All replies to any objections to the settlement and/or replies to objections to applications for attorneys' fees and expenses shall be filed on or before 105 days after entry of this Order.

21. Pending final determination of whether the Settlement should be approved, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence, or prosecute any action which asserts Released Claims against any of the Released Persons.

22. In the event that the Settlement shall not be consummated pursuant to its terms, the Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing For Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and the parties shall be restored to their respective positions as they existed prior to the execution of the Settlement Agreement.

23. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: October 13, 2011