IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: PRE-FILLED PROPANE TANK | ) | MDL NO. 2086 |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | Master Case No. 09-02086-MD-W-GAF |
| | ) | |
| ALL CASES, | ) | |

## ORDER

On February 24, 2012, the Court held a hearing to consider Plaintiffs' Motion for Final Approval of Class Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees, Services Awards, and Reimbursement of Expenses. (Docs. ## 257, 259). The Court has reviewed all briefing submitted by the parties, all objections and supporting briefs submitted by class members, and Plaintiffs' submission of time and expense records of Class Counsel. (*See* Docs. ## 258, 260, 261, 262-64, 266-70, 273, 278, 282, 284). After considering the aforementioned documents and the arguments made at the February 24, 2012, hearing by Class Counsel, Defendants Ferrellgas Partners, L.P., Ferrellgas, LP, and Ferrellgas, Inc.'s (collectively "Ferrellgas") counsel and objectors' counsel, Plaintiffs' Motions (Docs. ## 257, 259) are GRANTED, as set forth below:

**I.   Final Approval**

1.   Plaintiffs and Ferrellgas entered into a Settlement Agreement setting forth the terms and conditions for a proposed class action settlement and dismissal of this case on the merits and with prejudice.

2.   The Court preliminarily approved this Settlement on October 13, 2011. (Doc. # 254).

3. The preliminary approval Order outlined the form and manner by which Plaintiffs and Ferrellgas were to provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to class members who could be identified by Ferrellgas, publication notices, and notices affixed to Blue Rhino propane tank cylinders sold by Ferrellgas through various retailers.

4. Counsel verified the mailing, publication, and affixed notices conformed with the preliminary approval Order. The Court finds the notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process and provided to the Class the best notice practicable under the circumstances.

5. The Court hereby grants final approval of the Settlement Agreement on the basis that the settlement is fair, reasonable and adequate to the Settlement Class, as defined below and in the Settlement Agreement. *See* Fed. R. Civ. P. 23(e).

6. The settlement provides substantial and meaningful monetary and non-monetary relief to the Class.

7. The settlement was fairly and honestly negotiated as it was the result of vigorous arm's-length negotiations undertaken in good faith by capable and experienced counsel, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

8. Plaintiffs and Class Counsel fairly and adequately represented the interests of the Settlement Class in connection with the settlement.

9. The Court gives weight to the parties' judgment that the settlement is fair and reasonable. *See In re Charter Commc'ns, Inc. Secs. Litig.*, No. MDL 1506, 2005 WL 4045741, at *5 (E.D. Mo. June 30, 2005); *In re BankAmerica Corp. Secs. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002).

10. The Court gives weight to the Class's reaction to the settlement. A significant number of individuals participated in the claims process. The opt-out rate is low. As to the objections received, the Court reviewed, heard, and considered each written or oral objection to this settlement, and they are hereby overruled.

11. The settlement is fair, reasonable, and adequate and should be approved by this Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).

12. The prerequisites for the Settlement Class to be certified under Rule 23(a) and (b)(3) have been satisfied in that: a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; b) there are questions of law and fact common to the Settlement Class; c) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; d) representative Plaintiffs fairly and adequately represent the interests of the Settlement Class; e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. The Court hereby approves the settlement and certifies a Class of Individuals under Rule 23(a) and (b)(3) that includes: "All people who purchased or exchanged one (1) or more of Ferrellgas's pre-filled propane gas cylinders in the United States, not for resale, between June 15, 2005, and October 13, 2011." Excluded from the Settlement Class are: Ferrellgas; Ferrellgas's affiliates, subsidiaries, and parents and each of their respective directors, officers, and employees; legal representatives, successors, and assigns; any other entity in which Ferrellgas has a controlling interest; persons who purchased for purposes of resale; any Judge to whom this action is assigned and all members of the Judge's immediate family; and all persons who timely and validly requested exclusion from the Settlement Class.

14. The persons identified in Exhibit 1 requested exclusion from the Settlement Class and are therefore excluded from this settlement. These persons are not included in or bound by this Order and may individually pursue claims, if any, against Ferrellgas. Those persons are not entitled to any recovery from the settlement proceeds.

15. Ferrellgas is hereby ordered to make payment to the settlement fund in accordance with the terms of the Settlement Agreement. Ferrellgas is additionally ordered to comply with the terms of the Settlement Agreement regarding non-monetary relief.

16. The parties and their counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings.

17. On or before November 1, 2012, Plaintiffs and Ferrellgas are further ordered to provide an update to the Court regarding *cy pres* payments pursuant to the

Settlement Agreement.

19. 18. As stated previously, the Court considered and overruled each of the submitted objections. Based on the briefing and argument submitted to the Court and because the Court finds the objections to be without merit and unlikely to prevail on appeal, the Court orders each objector intending to appeal post an appeal bond in the amount of $25,000. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, MDL Docket No. C-07-1841 (EMC), 2011 WL 3352460, at *10 (N.D. Cal. Aug. 2, 2011); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, MDL No. 1735, 2010 WL 786513, at *2 (D. Nev. Mar. 8, 2010); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.C. Fla. Apr. 7, 2006).

## II. Attorneys' Fees, Service Awards, and Reimbursement of Expenses

19. The Eighth Circuit identified four (4) factors in setting a reasonable fee using the lodestar method: 1) the number of hours spent by counsel, 2) counsel's "reasonable hourly rate," 3) the contingent nature of success, and 4) the quality of the attorneys' work. *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158-59 (D. Minn. 2009) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)).

20. After review of these factors, the Court finds Class Counsel's request for $7,250,000 in attorneys' fees and reimbursement of expenses is fair and reasonable.[1]

---

[1] Stueve Siegel Hanson LLP, Hagens Berman Sobol Shapiro LLP, Girard Gibbs LLP, and Kaplan Fox & Kilsheimer LLP are the Class Counsel previously appointed by this Court.

21. The fee award sought by Plaintiffs was separately negotiated by experienced counsel only after an agreement on behalf of the Settlement Class was reached. The award of attorneys' fees will be paid separately by Ferrellgas and will not reduce the funds available to the class under the settlement.

22. Through December 21, 2011, Class Counsel reported spending 5,989 hours on this litigation against Ferrellgas, and a total lodestar of $2,566,842, consisting of a blended hourly rate of $429. This does not include additional time Class Counsel report they have spent since their initial submission including the reply briefing in support of the settlement and preparing for the fairness hearing. This lodestar calculation also does not include time Class Counsel will need to commit to settlement administration. The Court finds Class Counsel's hours and fees are reasonable. This finding is consistent with this Court's approval of the AmeriGas settlement in this multi-district litigation and the Order approving a request for fees and expenses in *In re H&R Block, Inc. Express IRA Mktg. Litig.*, Case No. 6-0786-MD-W-RED (W.D. Mo. May 17, 2010).

23. Class Counsel additionally incurred approximately $139,200 in un-reimbursed expenses related to this matter.

24. In addition to the time and expenses incurred by Class Counsel, additional counsel for Plaintiffs have reported working approximately 2,420 hours on this matter, resulting in a total lodestar for all counsel of approximately $3,467,195. Additional counsel for Plaintiffs have reported expenses of approximately $20,793.

25.     Class Counsel's lodestar, combined with the reimbursement for Class Counsel's expenses and the additional hours and expenses Class Counsel anticipate spending on completing the settlement administration, justifies the request for $7,250,000 in fees and reimbursement of expenses.

26.     Moreover, Class Counsel provided excellent representation in this litigation. Class Counsel's efforts to prosecute this case through motion practice and extensive discovery ultimately resulted in a favorable result for the class despite the legal and factual complexities presented by this case. Class Counsel faced risk in pursuing this litigation on a contingent basis.

27.     In light of the results obtained for the class and the substantial amount of time expended and expenses incurred, the $7,250,000 request is fair and reasonable. *See, e.g., Nelson v. Wal-Mart Stores, Inc.*, Civil Action Nos. 2:04CV0000171 WRW, 2:05CV000134 WRW, 2009 WL 2486888, at *2 (E.D. Ark. Aug. 12, 2009) (citing cases within the Eighth Circuit approving lodestar multipliers of up to 5.6).

28.     Separately, the requested attorneys' fee is also supported by a percentage of recovery analysis. The settlement makes up to $25,000,000 available to the Settlement Class, excluding fees, and more than $32,000,000 available including fees. The requested fees thus comprise less than thirty percent (30%) of the total benefit made available to the Settlement Class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-82 (1980) (finding a litigant or attorney who recovers a common benefit is entitled to a reasonable attorney's fee from the fund as a whole, regardless of whether some class members fail to exercise their right to possession of the fund); *Wiles v. Sw. B[e]ll Tel. Co.*, No. 09-4236-CV-C-NKL, 2011 WL 2416291, at *4-5 (W.D. Mo. June 9, 2011). This

percentage is within the range typically approved in percentage of recovery application and does not value the significant prospective non-monetary relief achieved here. *See, e.g., In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) ("We have approved the percentage-of-recovery methodology to evaluate attorneys' fees in a common-fund settlement such as this, and we find no abuse of discretion in the district courts' awarding 36% to class counsel who obtained significant monetary relief on behalf of the class.") (citations omitted).

29. The Court has reviewed, heard, and considered any and all written objections to Plaintiffs' request for attorneys' fees and has considered each of the various objections to Plaintiffs' request for attorneys' fees presented at the February 24, 2012, hearing and hereby overrules each such objection.

30. The Court hereby awards Class Counsel $7,250,000 in attorneys' fees, which includes reimbursement for all expenses incurred. The Court also orders Class Counsel allocate the $7,250,000 award of attorneys' fees among themselves according to their own agreement and among other additional counsel for Plaintiffs in Class Counsel's discretion.

31. The Court has also considered Class Counsel's request for service awards for the named Plaintiffs in cases comprising this litigation. The effort these Plaintiffs devoted to this matter contributed to the overall result and benefitted the class, and Plaintiffs are thus deserving of service awards.

32. Class Counsel's request for service awards of $1,500 each to Plaintiffs who were deposed and $750 each to Plaintiffs who were not deposed is reasonable. *See In re U.S. Bancorp Litig.*, 291 F.3d at 1035 (approving incentive awards of $2,000 to representative plaintiffs whose efforts in the litigation resulted in a class fund of approximately $3,500,000); *In re Aquila ERISA Litig.*, No. 04-00865-CV-DW, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards of $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and to all Plan Participants. Without this participation, there would have been no case and no settlement.").

33. The Court hereby approves the incentive awards of $1,500 to each of the following Plaintiffs who were deposed by Ferrellgas: Daniel Bradley, Gina Calarco, Dennis Carroll, Michael D'Aloia, Suzanna DeNight, David Desaire, Allen Downs, Bart Fraenkel, Jack Fuller, Gina Pennisi, Carson Ross, Daniel Scholtec, Mark Shawl, Victoria Shawl, Randy Shillingburg, Roy Wilder, and Larry Young. The Court further approves incentive awards of $750 to the following Plaintiffs who served as named plaintiffs in the cases constituting this litigation: Brian Border, Jason Browstein, Charles Bauer, Jeremy Drucker, Laura Fishman, Gary Reichuber, David Goldman, Marino Guzman, Sara Hook, Steve Huffman, Derrick Jackson, Ed Jaeggi, David Judd, Jacob Knopke, Aaron Michael Laurent, Pat Mallaney, William McNeil, Tom Miller, Don Parker, Brett Powell, Mark Rodgers, and Jeff Walker.

34. Ferrellgas is hereby ordered to pay Class Counsel in accordance with and subject to the terms of the Settlement Agreement. Moreover, Ferrellgas is hereby ordered to pay service awards to the above-listed Plaintiffs in accordance with and

subject to the terms of the Settlement Agreement.

## III. Retention of Jurisdiction

35. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over this multi-district litigation proceeding to consider all further matters arising out of or in connection with: a) the enforcement of this Order; b) the enforcement of the Settlement Agreement; c) the distribution of the Settlement Fund; and d) the distribution or administration of any *cy pres* funds. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement; otherwise, a district court does not have continuing jurisdiction over such agreements).

**IT IS SO ORDERED.**

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED: May 31, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| IN RE: PRE-FILLED PROPANE TANK MARKETING & SALES PRACTICES LITIGATION | ) ) ) ) ) | MDL NO. 2086 Master Case No. 09-02086-MD-W-GAF |
|---|---|---|
| ALL CASES, | ) | |

## EXHIBIT 1

Requests for Exclusion

| # | Claimant No. | Name | City | State |
|---|---|---|---|---|
| 1 | 1100809 | James D. Anderson | Crystal | MN |
| 2 | 1128032 | Robert Breseman | Glenwood | MN |
| 3 | 809 | Jason Brydges | Buffalo | NY |
| 4 | 1071541 | Darrell Budzban | Green Bay | WI |
| 5 | 1011753 | Owen Candler | Groveland | IL |
| 6 | 1116866 | Suzanne G. Cheek | Kokomo | IN |
| 7 | 1112329 | Marian Davies | Melbourne | FL |
| 8 | 1031357 | Joel T. De Roche | Gaastra | MI |
| 9 | 1127037 | Virgil Francis | Henderson | NV |

11

| | | | | |
|---|---|---|---|---|
| 10 | 1081169 | Adam Grice | Delavan | WI |
| 11 | 1035198 | Richard Griffith | Claremore | OK |
| 12 | 1082521 | Leland Haeuser | Alma | WI |
| 13 | 1035550 | Lowell Halvorson | Fergus Falls | MN |
| 14 | 1039255 | Robert Hayes | Lenexa | KS |
| 15 | 1048197 | Susan Julius | Black Creek | WI |
| 16 | 1106863 | Kristin Krug | West Jordan | UT |
| 17 | 1112 | Yisroel Lazaroff | Los Angeles | CA |
| 18 | 1016407 | Zachary Lerner | San Francisco | CA |
| 19 | 1095087 | Robert Malmberg | Lake Placid | FL |
| 20 | 1092550 | Kenneth Miller | Omaha | NE |
| 21 | 1122461 | Dennis Nadane | Midland | MI |
| 22 | 1099300 | Mazie Pereira | Diamondhead | MS |
| 23 | 1023566 | John V. Pohl | Glassboro | NJ |
| 24 | 1107223 | Mavis Popps | Appleton | WI |
| 25 | 1012383 | Jean K. Prinds | Overland Park | KS |

| 26 | 1058739 | Lettie Reese | Lincoln | NE |
|---|---|---|---|---|
| 27 | 103312 | Thomas Schufman | Chaska | MN |
| 28 | 877 | Tejash Shah | Springfield | VA |
| 29 | 1062286 | William Simmons | Sarasota | FL |
| 30 | 1132995 | Kenneth Srock | Seven Hills | OH |
| 31 | 1088839 | Arline Unruh | Liberal | KS |
| 32 | 1131259 | Jaroslav Valachovic | Columbus | OH |
| 33 | 1038053 | Leo Vetter | Rugby | ND |
| 34 | 1026447 | George Vonlienen | Macon | MO |
| 35 | 1103783 | Wayne Wulfkuhle | Tecumseh | KS |
| 36 | 1063794 | Linda Yuhas | Byron Center | MI |
| 37 | 1097 | Peter Yunis | Reno | NV |
| 38 | 1033545 | Barbara Zeman | Chelsea | IA |